IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
   Plaintiff,

vs.                No. 07-10034-04-JTM

ZACHARY FLEETWOOD,
   Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Zachary Fleetwood's motions to vacate his sentence and for immediate release. (Dkt. 159, 160, 161, 162). Although presented under different labels, including the All Writs Act, 28 U.S.C. § 1615 (Dkt. 160) and habeas corpus (Dkt. 159), the relief sought by Fleetwood is the same: he argues his sentence should be vacated because he should not have been considered a career criminal based upon prior drug sales in Kansas, citing the decisions in *United States v. Madkins*, 866 F.3d 1136 (10th Cir. 2017), and *United States v. Stumbaugh*, 2018 WL 691004 (D. Kan. Feb. 2, 2018).

This court has previously observed that the proper vehicle for relief under such circumstances is one for relief under 28 U.S.C. § 2255, and that that statute's restriction on piecemeal collateral attacks cannot be avoided by the title given to a defendant's challenge:

> Writs under the All Writs Act, 28 U.S.C. § 1651, such as *audita querela* and *coram nobis* are unavailable to a defendant when other remedies exist such as a motion to vacate sentence under 28 U.S.C. § 2255. *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002). After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his sentence is under Section 2255 unless that remedy is inadequate or ineffective. *See United States v. McIntyre*, 313 Fed.Appx. 160, 162 (10th Cir. 2009); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Failure to obtain relief under Section 2255 does not establish that the remedy so provided is either inadequate or ineffective. *Bradshaw*, 86 F.3d at 166. Likewise, the mere fact that a prisoner is precluded from filing a time-barred or second Section 2255 petition does not establish that the remedy under Section 2255 is inadequate or ineffective. *United States v. Montano*, 442 Fed.Appx. 412, 413 (10th Cir. 2011); *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999); *United States v. O'Bryant*, 162 F.3d 1175, 1998 WL 704673, at *2 (10th Cir. Oct. 2, 1998); *see Patel v. Morris*, 37 Fed.Appx. 428, 430-31 (10th Cir. 2002) (allowing claims under Section 2241 that would be barred under Section 2255 because remedy "inadequate or ineffective" would allow prisoners to avoid stringent gatekeeping requirements under Section 2255; such procedure contrary to statute and Congressional intent to restrict successive petitions to extremely limited situations). Finally, a defendant cannot avoid the bar against successive Section 2255 petitions by simply styling a petition under a different name. *McIntyre*, 313 Fed.Appx. at 162; *Torres*, 282 F.3d at 1246; *see also In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) (senseless to suppose Congress permitted prisoners to pass through closed door of Sections 2241 and 2255 by way of All Writs Act simply by changing title of motions); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (if prisoner who is prevented from filing Section 2255 petition could, without more, establish that Section 2255 is "inadequate or ineffective" and entitled to petition under Section 2241(c)(3), Congress would have accomplished nothing through statutes like AEDPA to place limits on federal collateral review).

*United States v. Gilchrist*, 2018 WL 2267703, *2 (D. Kan. May 17, 2018) (footnote omitted).

The undersigned reached the same conclusion in *Stumbaugh*, the case relied upon by defendant Fleetwood, stressing that "a § 2255 motion—not a writ of *audita querela*—is the proper remedy for defendant to challenge his career offender sentencing enhancement." *See* Order, at 3 (citing cases). Such relief was available to Stumbaugh, the

2

court held, because "defendant has not previously filed a habeas motion pursuant to 28 U.S.C. § 2255." *Id.*

Here, in contrast, Fleetwood has filed a prior § 2255 motion for relief, in which he argued that he had been improperly classified as a career offender in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). Following the Tenth Circuit's decision in *Beckles v. United States*, 137 S.Ct. 886, 890 (2017), the court denied Fleetwood's first § 2255 motion on May 30, 2017. (Dkt. 154).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second motion without first seeking the required authorization, the district court may transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631; or dismiss the motion for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion whether to transfer or dismiss without prejudice. *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

Generally, a second § 2255 motion is permissible only if there is newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense, or there has been a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Here, the defendant has not received authorization from the Tenth Circuit, and his claims are not premised on either newly discovered evidence or a new rule of law made retroactive by the United States Supreme Court. Under these circumstances, the defendant's claims do not satisfy the authorization standards under Section 2255, and the Court overrules the motion rather than transferring it to the Tenth Circuit. *See In re Cline*, 531 F.3d at 1252.

When a court rules adversely to a defendant seeking relief under § 2255, under Rule 11 of the Rules Governing Section 2255 Proceedings the court will either grant or deny a certificate of appealability. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A certificate may issue if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). As noted above, the defendant's claim is precluded by the anti-successive motion provisions of the AEDPA, and accordingly the court denies a certificate of appealability as to its ruling on defendant's motions.

IT IS ACCORDINGLY ORDERED this 23rd day of July, 2018, that defendant's Motions for Relief (Dkt. 159, 160, 161, 162) are hereby denied, and that a certificate of appealability on this ruling is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE